| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP |
| | Joseph Duffy (State Bar No. 241854) |
| 2 | joseph.duffy@morganlewis.com |
| | Taylor C. Day (State Bar No. (267435) |
| 3 | taylor.day@morganlewis.com |
| | Brianna R. Howard (State Bar No. 314642) |
| 4 | brianna.howard@morganlewis.com |
| | 300 South Grand Avenue |
| 5 | Twenty-Second Floor |
| | Los Angeles, CA  90071-3132 |
| 6 | Tel: 213-612-2500 / Fax: 213-612-2501 |
| 7 | Attorneys for Defendant AMAZON.COM, INC. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRICKEY JACKSON, individually and on behalf of all others similarly situated, | Case No. 3:20-cv-02365-WQH-BGS |
| Plaintiff, | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT AMAZON.COM, INC.'S MOTION TO COMPEL ARBITRATION** |
| vs. | |
| AMAZON.COM, INC., | Hearing Date: May 10, 2021 |
| Defendant. | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
| | Honorable William Q. Hayes |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT ................................................................................................. 1

    A.   Plaintiff Is Bound By The 2019 TOS. ................................................ 1

    B.   The 2019 TOS Delegates Arbitrability To The Arbitrator. ................ 3

    C.   Arbitration Is Proper Even Without The Delegation Provision ......... 6

    D.   Arbitration Is Proper Even Under The 2016 TOS. ........................... 10

III. CONCLUSION ............................................................................................ 10

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

i

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*,
　289 F.3d 589 (9th Cir. 2002) ................................................................................ 2

*Brennan v. Opus Bank*,
　796 F.3d 1125 (9th Cir. 2015) ..................................................................... 3, 4, 5

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*,
　622 F.3d 996 (9th Cir. 2010) ................................................................................ 8

*Charles v. Portfolio Recovery Assocs., LLC*,
　No. 17-cv-955, 2018 WL 5660747 (D. Or. Aug. 1, 2018) .................................. 3

*Cordas v. Uber Techs., Inc.*,
　228 F. Supp. 3d 985 (N.D. Cal. 2017) ................................................................. 4

*Cristo v. Charles Schwab Corp.*,
　No. 17-cv-1843, 2018 WL 1737544 (S.D. Cal. Apr. 11, 2018) .......................... 6

*Engen v. Grocery Delivery E-Servs. USA Inc.*,
　453 F. Supp. 3d 1231 (D. Minn. 2020) ................................................................ 2

*Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC*,
　No. 20-cv-574, 2020 WL 3869186 (N.D. Cal. July 9, 2020) .............................. 4

*Gibbs v. Stinson*,
　421 F. Supp. 3d 267 (E.D. Va. 2019) ................................................................... 3

*Gonzalez v. DeGuzman*,
　No. 17-cv-241, 2019 WL 4193365 (S.D. Cal. Sept. 4, 2019) ............................. 2

*Howard v. Ferrellgas Partners, L.P.*,
　748 F.3d 975 (10th Cir. 2014) .............................................................................. 3

*Hunter v. Kaiser Found. Health Plan, Inc.*,
　434 F. Supp. 3d 764 (N.D. Cal. 2020) ................................................................. 9

ii

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

*Kanbar v. O'Melveny & Myers*,
　849 F. Supp. 2d 902 (N.D. Cal. 2011) .................................................................. 7

*Lee v. Postmates Inc.*,
　No. 18-cv-3421, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018) ........................... 9

*M Resorts, Ltd. v. New Eng. Life Ins. Co.*,
　No. 19-cv-1545, 2019 WL 6840396 (S.D. Cal. Dec. 16, 2019) .......................... 8

*Marselian v. Wells Fargo & Co.*,
　No. 20-cv-3166, 2021 WL 198833 (N.D. Cal. Jan. 20, 2021) ............................ 9

*McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*,
　No. 18-cv-1921, 2020 WL 6780341 (D. Or. Nov. 18, 2020) .............................. 2

*Oxy-Health, LLC v. H2 Enters., Inc.*,
　812 F. App'x 660 (9th Cir. 2020) ........................................................................ 6

*Parino v. BidRack, Inc.*,
　838 F. Supp. 2d 900 (N.D. Cal. 2011) ................................................................ 7

*Parker v. New Prime, Inc.*,
　No. 20-cv-3298, 2020 WL 6143596 (C.D. Cal. June 9, 2020) ........................... 5

*Perez Bautista v. Juul Labs, Inc.*,
　478 F. Supp. 3d 865 (N.D. Cal. 2020) ............................................................. 6, 7

*Ratajesak v. New Prime, Inc.*,
　No. 18-cv-9396, 2019 WL 1771659 (C.D. Cal. Mar. 20, 2019) ......................... 5

*Rittmann v. Amazon.com, Inc.*,
　971 F.3d 904 (9th Cir. 2020) ............................................................................. 10

*Schnabel v. Trilegiant Corp.*,
　697 F.3d 110 (2d Cir. 2012) ................................................................................ 2

*Starke v. SquareTrade, Inc.*,
　913 F.3d 279 (2d Cir. 2019) ................................................................................ 2

*Tompkins v. 23andMe, Inc.*,
　No. 13-cv-5682, 2014 WL 2903752 (N.D. Cal. June 25, 2014) ......................... 4

*Waithaka v. Amazon.com, Inc.*,
　966 F.3d 10 (1st Cir. 2020) .............................................................................. 7, 8

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Los Angeles

iii

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

*Webber v. Uber Techs., Inc.*,
    No. 18-cv-2941, 2018 WL 10151934 (C.D. Cal. Sept. 5, 2018) .......................... 2

*Zenelaj v. Handybook Inc.*,
    82 F. Supp. 3d 968 (N.D. Cal. 2015) ............................................................... 4

**California Cases**

*Aanderud v. Super. Ct.*,
    13 Cal. App. 5th 880 (2017) ............................................................................ 4

*Ajamian v. CantorCO2e, L.P.*,
    203 Cal. App. 4th 771 (2012) .......................................................................... 4

*Carbajal v. CWPSC, Inc.*,
    245 Cal. App. 4th 227 (2016) .......................................................................... 9

*Carmona v. Lincoln Millennium Car Wash, Inc.*,
    226 Cal. App. 4th 74 (2014) ............................................................................ 9

*Elias v. Super. Ct.*,
    No. G050404, 2015 WL 1455910 (Cal. Ct. App. Mar. 30, 2015) ..................... 7

*Garrido v. Air Liquid Indus. U.S. LP*,
    241 Cal. App. 4th 833 (2015) ........................................................................ 10

*Gentry v. Super. Ct.*,
    42 Cal. 4th 443 (2007) ................................................................................ 7, 8

*Giuliano v. Inland Empire Pers., Inc.*,
    149 Cal. App. 4th 1276 (2007) ........................................................................ 3

*McGill v. Citibank, N.A.*,
    2 Cal. 5th 945 (2017) .................................................................................. 8, 9

*OTO, L.L.C. v. Kho*,
    8 Cal. 5th 111 (2019) ....................................................................................... 9

*Penilla v. Westmont Corp.*,
    3 Cal. App. 5th 205 (2016) .............................................................................. 9

*Rice v. Downs*,
    248 Cal. App. 4th 175 (2016) .......................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

*Rodriguez v. Am. Techs., Inc.*,
  136 Cal. App. 4th 1110 (2006) ................................................................................ 3

**Delaware Cases**

*Carder v. Carl M. Freeman Cmtys., LLC*,
  Civ. No. 3319-VCP, 2009 WL 106510 (Del. Ch. Jan. 5, 2009) ....................... 3, 5

*Fritz v. Nationwide Mut. Ins. Co.*,
  Civ. A. No. 1369, 1990 WL 186448 (Del. Ch. Nov. 26, 1990) ........................... 9

*Graham v. State Farm Mut. Auto. Ins. Co.*,
  565 A.2d 908 (Del. 1989) ................................................................................ 10

*Worldwide Ins. Group v. Klopp*,
  603 A.2d 788 (Del. 1992) .................................................................................. 9

**State Statutes**

California Civil Code § 1542 ................................................................................. 7

DEL. CODE tit. 10, § 5703 ...................................................................................... 3

**Other Authorities**

Cal. Assembly Bill No. 51 (2019) .......................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

v

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

## I. INTRODUCTION

Plaintiff ventures many arguments against arbitrating. But under the authorities Amazon cited—many of which Plaintiff utterly ignores—the issue before the Court is fairly simple: (1) the only evidence in the record shows that Plaintiff continued to perform Flex services after receiving notice of the 2019 TOS and thus agreed to be bound by those updated terms; (2) the 2019 TOS contain a delegation provision (§ 11(k)–(l)) through which the parties agreed to arbitrate the scope and enforceability of the 2019 TOS's arbitration provision (§ 11(a)); and (3) Plaintiff does not challenge the delegation provision, which is enforceable under either Delaware or California law. These three simple points require the grant of Amazon's motion. But even if there were some problem in one of the links in that chain of reasoning, the motion should be granted all the same. Plaintiff's substantive claims are within the scope of the very broad arbitration provisions of the 2019 and 2016 TOS, and even apart from the 2019 TOS delegation provision, those arbitration provisions are enforceable under both states' laws.

## II. ARGUMENT

### A. Plaintiff Is Bound By The 2019 TOS.

Amazon's Motion explained (at 3–4, 7–8) how Plaintiff accepted the 2016 TOS and then accepted the 2019 TOS in accordance with the earlier agreement's modification provision (§ 13). The Paramanandan Declaration attests that Amazon sent Plaintiff email notice of the 2019 TOS when it took effect on October 3, 2019. Paramanandan Decl. ¶¶ 13–14.

Plaintiff does not deny that he accepted the 2016 TOS or that he performed Flex services after October 3, 2019. Nor does he quarrel with Amazon's reading of the modification provision. His lone argument about the 2019 TOS's applicability is the Opposition's unsupported assertion (at 11) that "Amazon did not provide Plaintiff with notice of the 2019 TOS." But Plaintiff chose to offer zero evidence

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Philadelphia

1

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

here. He did not submit any declaration nor ask for discovery. If he could truthfully vow that he never received the email notice, surely he would have. So the only evidence before the Court is evidence that "Amazon distributed the 2019 TOS to existing Flex drivers via email sent to the email address each such driver agreed to keep current," including Plaintiff. Paramanandan Decl. ¶¶ 13–14.[1]

Plaintiff is thus wrong to claim (Opp. at 12) a genuine dispute of fact on this point. To create a genuine factual dispute, Plaintiff cannot "rely[] solely on conclusory allegations unsupported by admissible facts in the record." *Gonzalez v. DeGuzman*, No. 17-cv-241, 2019 WL 4193365, at *10 (S.D. Cal. Sept. 4, 2019) (citation omitted), *aff'd*, 831 F. App'x 294 (9th Cir. 2020). Bare assertions in his briefing do not count: "[l]egal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute . . . where no dispute otherwise exists." *Id.* (citation omitted); *see also, e.g.*, *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) ("[A]rguments and statements of counsel 'are not evidence and do not create issues of material fact[.]'" (citation omitted)). And it is worth emphasizing that **not even Plaintiff's briefing** asserts that Plaintiff never got the email from Amazon.

The Paramanandan Declaration therefore suffices to show Plaintiff received

---

[1] Contrary to Plaintiff's claim (Opp. at 12 n.2), this combination of email notice and the plaintiff's continuing use is indistinguishable from *Webber v. Uber Technologies, Inc.*, No. 18-cv-2941, 2018 WL 10151934, at *4 (C.D. Cal. Sept. 5, 2018). But the lack of evidence supporting Plaintiff does distinguish this case from the ones he cites, where affirmative evidence supported plaintiffs' claims of insufficient notice. *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, No. 18-cv-1921, 2020 WL 6780341, at *13 (D. Or. Nov. 18, 2020); *Engen v. Grocery Delivery E-Servs. USA Inc.*, 453 F. Supp. 3d 1231, 1240 (D. Minn. 2020); *Starke v. SquareTrade, Inc.*, 913 F.3d 279, 284, 292–93 (2d Cir. 2019). In addition, Plaintiff cites inapposite cases that do not involve updates to an existing contract, much less one that included language like the 2016 TOS modification provision "giving notice of the possibility of amendment." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 126 (2d Cir. 2012).

notice of the 2019 TOS update. There is no requirement to "show the specific email[] sent to Plaintiff[]." *Gibbs v. Stinson*, 421 F. Supp. 3d 267, 302 n.55 (E.D. Va. 2019) (finding no dispute of fact, and enforcing an emailed update to terms of service, without requiring inclusion of the email in the record), *aff'd sub nom. Gibbs v. Sequoia Cap. Operations, LLC*, 966 F.3d 286 (4th Cir. 2020). In response to Amazon's declaration, "[m]erely claiming a failure of proof is not sufficient." *Charles v. Portfolio Recovery Assocs., LLC*, No. 17-cv-955, 2018 WL 5660747, at *7 (D. Or. Aug. 1, 2018) (rejecting plaintiff's conclusory assertion that he lacked notice of an arbitration agreement update where plaintiff offered "nothing other than attorney argument" and "no declaration of his own" and did not even "explicitly deny" receiving the update), *report and recommendation adopted*, No. 17-cv-955, 2019 WL 722561 (D. Or. Feb. 20, 2019).

In all events, even if there were a fact dispute, that would not warrant denial of the motion. It would simply mean that the Court would need to weigh the evidence and resolve the dispute, as Plaintiff seems to recognize. Opp. at 12, 24; *see also, e.g.*, *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978–79 (10th Cir. 2014); *Giuliano v. Inland Empire Pers., Inc.*, 149 Cal. App. 4th 1276, 1284 (2007); DEL. CODE tit. 10, § 5703.

**B.      The 2019 TOS Delegates Arbitrability To The Arbitrator.**

Under the 2019 TOS, the parties agreed to arbitrate **and** agreed to arbitrate disputes over arbitrability. Mot. 8–9. The 2019 TOS adopts the AAA Commercial Arbitration Rules, which under the Ninth Circuit (as well as California and Delaware) precedent that the Motion cited, is a clear and unmistakable delegation of arbitrability disputes to the arbitrator. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Carder v. Carl M. Freeman Cmtys., LLC*, Civ. No. 3319-VCP, 2009 WL 106510, at *3–6 (Del. Ch. Jan. 5, 2009); *Rodriguez v. Am. Techs., Inc.*, 136 Cal. App. 4th 1110, 1123 (2006).

Plaintiff ignores these cases, which are consistent with scores of others, too.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

3

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

He instead cites *Tompkins v. 23andMe, Inc.*, No. 13-cv-5682, 2014 WL 2903752, at *11 (N.D. Cal. June 25, 2014), *aff'd on other grounds*, 840 F.3d 1016 (9th Cir. 2016), and *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771, 790 (2012). But their remarks on this point are dicta and go against "the great weight of prevailing case law" recognizing that adoption of AAA rules delegates arbitrability to the arbitrator. *Zenelaj v. Handybook Inc.*, 82 F. Supp. 3d 968, 973 (N.D. Cal. 2015) (refusing to follow the *Tompkins*/*Ajamian* approach). *Tompkins* and *Ajamian* also conflict with the Ninth Circuit's later ruling in *Brennan*. *See, e.g.*, *Esguerra-Aguilar, Inc. v. Shapes Franchising, LLC*, No. 20-cv-574, 2020 WL 3869186, at *5 (N.D. Cal. July 9, 2020) (explaining that *Brennan* rejects *Tompkins*'s views about whether adopting AAA rules delegates arbitrability to the arbitrator); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 992 (N.D. Cal. 2017) (similar).

In all events, the 2019 TOS does not merely adopt the AAA rules in Section 11(k); it also provides in Section 11(l) that "[t]he arbitrator must resolve . . . the arbitrability of claims pursuant to" the primary arbitration provision in Section 11(a). *See, e.g.*, *Aanderud v. Super. Ct.*, 13 Cal. App. 5th 880, 893 n.2 (2017) (distinguishing *Ajamian* whether there was "other evidence of the parties' intent to arbitrate the enforceability of the arbitration provision" besides adopting arbitration organization's rules). For this reason, too, the 2019 TOS delegates arbitrability.

It follows that Plaintiff's arguments about the scope and enforceability of the **arbitration provision** are not for this Court to decide unless Plaintiff challenges the validity or enforceability of the **delegation provision** itself. *Brennan*, 796 F.3d at 1133. But Plaintiff has "failed to make any arguments specific to the delegation provision" and instead challenges the arbitration provision "as a whole." *Id*. While he challenges the scope (Opp. at 3–7) and enforceability (at 15–24) of the **arbitration provision**, the Court should not consider these arguments because they are "for the arbitrator to decide." *Brennan*, 796 F.3d at 1133 (citations and quotation marks omitted). Plaintiff offers nothing to counter the case law Amazon

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

4

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

cited showing the parties can and did delegate disputes over arbitrability in the 2019 TOS. That includes disputes over whether the arbitration provision covers the underlying controversy, *Carder*, 2009 WL 106510, at *3, whether it is unconscionable, *Brennan*, 796 F.3d at 1128, and whether it is enforceable under a conflicts-of-laws analysis, *Parker v. New Prime, Inc.*, No. 20-cv-3298, 2020 WL 6143596, at *4 (C.D. Cal. June 9, 2020); *Ratajesak v. New Prime, Inc.*, No. 18-cv-9396, 2019 WL 1771659, at *4–6 (C.D. Cal. Mar. 20, 2019).

*Parker* and *Ratajesak* refute Plaintiff's bare assertion (Opp. at 8) that "[f]orcing Plaintiff to arbitrate the question of arbitrability would completely undermine the fact that he is exempt from arbitration as a transportation worker under the FAA." As Amazon explained (Mot. at 9), the FAA exemption in no way precludes enforcing arbitration agreements under state law. And *Parker* and *Ratajesak* show that that principle extends to delegation provisions. The workers in both cases fell within the FAA exemption, but the courts enforced delegation provisions because the plaintiffs had not shown the delegation provisions to be unconscionable. *Ratajesak*, 2019 WL 1771659, at *4, *6–7; *Parker*, 2020 WL 6143596, at *4–5.

Plaintiff does not even claim that the delegation provision is unenforceable—for instance, by arguing that "the application of [Delaware] law **as to the delegation of arbitrability** conflicts with a fundamental California policy." *Ratajesak*, 2019 WL 1771659, at *5 (emphasis added). And had Plaintiff made such an argument, it would fail: "[t]here is no conflict of law" between the two states on the enforceability of delegation provisions. *Id.*[2]

---

[2] Plaintiff errs in claiming (Opp. at 15 n.3) that Section 11(l) requires the Court to decide the enforceability of the 2019 TOS choice-of-law provision (§ 12). Section 11(l) says "that a court of law must resolve any dispute concerning the validity and enforceability of **the Agreement**." And the very first sentence of the 2019 TOS defines "the Agreement" to mean the "Terms of Service" as a whole. But Plaintiff has not challenged the validity or enforceability of the 2019 TOS as a whole. He

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

5

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

### C. Arbitration Is Proper Even Without The Delegation Provision.

It also would be proper to enforce the 2019 TOS's agreement to arbitrate regardless of the delegation provision. Plaintiff's various objections lack merit.

*First*, Plaintiff ignores the broad language of the arbitration provision. Contrary to his portrayal (Opp. at 3–5), his claims need not arise out of or relate to the TOS itself. It suffices for the claims **or** "dispute" to "aris[e] out of **or relat[e] in any way** to [the] Agreement, . . . to [Plaintiff's] participation in the program, **or** to [his] performance of services." Paramanandan Decl., Ex. B (2019 TOS), § 11(a) (capitalization omitted). Given the FAC's allegations, Plaintiff cannot explain how the claims do not, at a minimum, relate in some way to his participation in the Flex program or performance of services. *See, e.g.*, *Cristo v. Charles Schwab Corp.*, No. 17-cv-1843, 2018 WL 1737544, at *5 (S.D. Cal. Apr. 11, 2018) (noting that the reach of the broad phrase "arising out of or relating to" looks to the "factual allegations" in the case). Instead he treats the "participation in the program" and "performance of services" phrases as meaningless and subsumed within the "this Agreement" phrase. But by Plaintiff's own allegations, the alleged "wiretapping" here **centered on** the Flex program and conditions under which Flex drivers, including Plaintiff himself, performed services. Mot. 8. Moreover, the arbitration provision here lacks the limitations found in the cases Plaintiff cites. *See Oxy-Health, LLC v. H2 Enters., Inc.*, 812 F. App'x 660, 661 (9th Cir. 2020) (arbitration provision expressly encompassed only "employment-related disputes" and thus did not extend to trademark-based claims); *Perez Bautista v. Juul Labs, Inc.*, 478 F. Supp. 3d 865, 869 (N.D. Cal. 2020) (arbitration provision was expressly limited to "disputes over the terms of this Agreement"); *Rice v. Downs*, 248 Cal. App. 4th 175, 188 (2016) (arbitration provision covering only claims "arising out of the

---

has challenged the enforceability of the arbitration provision by contesting application of the choice-of-law provision to that arbitration provision. That challenge is squarely within the 2019 TOS's delegation of arbitrability disputes.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

6

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

agreement" was conspicuously narrower than same agreement's forum-selection provision, which covered "any claim arising out of, under, or in connection with the agreement or transactions contemplated by the agreement"); *Elias v. Super. Ct.*, No. G050404, 2015 WL 1455910, at *6 (Cal. Ct. App. Mar. 30, 2015) (arbitration provision limited to "any claims arising out of or relating to 'the employment relationship'" (emphasis omitted)). As Plaintiff's own authority recognizes, a provision covering disputes arising from the "**performance** of [an] agreement" sweeps more broadly than a provision that covers disputes arising from the agreement itself. *Perez Bautista*, 478 F. Supp. 3d at 872 (citation omitted).[3]

*Second*, Plaintiff has failed to establish that California law should displace the parties' choice of Delaware law in the 2019 TOS. Because Plaintiff concedes (at 15) that Delaware law is sufficiently related to the parties or otherwise reasonable, he must show that Delaware conflicts with fundamental California policy **and** that California has a materially greater interest in determining "the particular issue"—*i.e.*, whether to enforce the arbitration provision. *See also* Mot. 13–14. And on that score, *Waithaka v. Amazon.com, Inc.*, 966 F.3d 10 (1st Cir. 2020), *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007), and Assembly Bill No. 51, offer no support for Plaintiff's position. Those authorities involved unwaivable statutory rights to pursue employment-related claims. *Waithaka*, 966 F.3d at 28; *Gentry*, 42 Cal. 4th at 457. But as Plaintiff is quick to stress in other parts of the

---

[3] Plaintiff is wrong to suggest (Opp. at 6–7) that the language of the arbitration provision deserves less than its full breadth. He cites a statute and cases that have nothing to do with the issues here. For instance, California Civil Code § 1542 concerns **releasing** claims, not agreeing to arbitrate them. Likewise, *Parino v. BidRack, Inc.*, 838 F. Supp. 2d 900 (N.D. Cal. 2011), was not an arbitration case. And *Kanbar v. O'Melveny & Myers*, 849 F. Supp. 2d 902, 913 (N.D. Cal. 2011), **granted** a motion to compel arbitration, and merely discussed California's rule against waiving a judicial forum where, unlike here, "statutory employment rights are at issue." As discussed in the main text, Plaintiff is not asserting employment-related claims.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

7

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

1  Opposition (at 4), the claims here are "wiretapping" claims, not the sort of "wage-
2  and-hour" claims at issue in cases like *Waithaka*. Nor, for that matter, is the Flex
3  TOS a "consumer contract." Opp. 17. Plaintiff offers no authority for the
4  proposition that his particular claims implement a fundamental California policy
5  against class-action waivers. *See Gentry*, 42 Cal. 4th at 465 (observing that
6  California's skepticism of class waivers is tied to "certain unwaivable statutory
7  rights" like rights to overtime); *Bridge Fund Capital Corp. v. Fastbucks Franchise
8  Corp.*, 622 F.3d 996, 1003 (9th Cir. 2010) (rejecting choice-of-law clause where
9  arbitration provision violated numerous California policies). Besides, Plaintiff's
10 assertion (Opp. at 16) that "California has a 'materially greater interest' in
11 determining the claims at issue in this lawsuit" is implausible, particularly where
12 Plaintiff amended his complaint to assert nationwide class claims under federal law.

13    *Third*, Plaintiff erroneously relies (Opp. at 17–19) on California's policy
14 against waiving the right to seek public injunctive relief. *See McGill v. Citibank,
15 N.A.*, 2 Cal. 5th 945 (2017). But *McGill* does not help Plaintiff because he has not
16 pleaded a claim for public injunctive relief (as opposed to private injunctive relief).
17 *See id.* at 955. Public injunctive relief "has 'the primary purpose and effect of
18 prohibiting unlawful acts that threaten future injury to the general public." *Id.* In
19 contrast, "[r]elief that has the primary purpose or effect of redressing or preventing
20 injury to an individual plaintiff—or to a group of individuals similarly situated to
21 the plaintiff—does not constitute public injunctive relief." *Id.* The allegations here
22 "differ from allegations in cases like *McGill*, where the plaintiff sought an
23 injunction prohibiting unfair advertising and marketing." *M Resorts, Ltd. v. New
24 Eng. Life Ins. Co.*, No. 19-cv-1545, 2019 WL 6840396, at *5 (S.D. Cal. Dec. 16,
25 2019) (Hayes, J.). "In this case, the class of people who stand to benefit from
26 [Plaintiff's] requested relief is not the general public but rather is limited to a class
27 of people who are well-defined and have a similar interest[.]" *Id.* Specifically,
28 Plaintiff seeks an injunction for the benefit of those Flex drivers who wish to use

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

8

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

Facebook groups to discuss Amazon Flex. FAC ¶¶ 48, 56. If that counts as public injunctive relief, it is hard to imagine what wouldn't. Nor, for that matter, has Plaintiff established that in waiving the right to arbitrate claims on a class or representative basis Plaintiff also waived the right to ask the arbitrator for the injunctive relief he is pursuing. *See, e.g.*, *Lee v. Postmates Inc.*, No. 18-cv-3421, 2018 WL 4961802, at *9 (N.D. Cal. Oct. 15, 2018) (holding that waiving the right to proceed on a class, collective, and representative basis does not equate to a public injunction waiver in violation of *McGill*); *Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F. Supp. 3d 764, 781 (N.D. Cal. 2020) (similar).[4]

*Fourth*, Plaintiff's hodgepodge of other unconscionability arguments (at 20–24) also fail and rest on inapposite cases, including ones involving unwaivable employment rights. Moreover, in *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 129 (2019), the court worried that the arbitration provision led the plaintiff to unknowingly waive his rights to a streamlined administrative process for seeking unpaid wages— something not alleged here. Unlike *Penilla v. Westmont Corp.*, 3 Cal. App. 5th 205, 216 (2016), the agreements here do not confusingly prohibit consolidation of claims while simultaneously **authorizing** arbitration of "class action claims": the agreements are crystal clear in rejecting arbitration on a class basis. And again, unlike *Penilla*, *id.* at 218–19, Amazon **agreed** to pay "the arbitrator's fees" in Section 11(k) of the 2019 TOS (and Section 11(i) of the 2016 TOS). Finally, unlike *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 87 (2014), *Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 248 (2016), *Fritz v. Nationwide Mutual Insurance Co.*, Civ. A. No. 1369, 1990 WL 186448, at *6 (Del. Ch. Nov. 26, 1990), and *Worldwide Insurance Group v. Klopp*, 603 A.2d 788, 791 (Del. 1992), if Amazon pressed claims against Flex drivers, they would not be

---

[4] Plaintiff's *McGill* objection also falls within the scope of the delegation provision and thus is a matter reserved for the arbitrator. *See, e.g.*, *Marselian v. Wells Fargo & Co.*, No. 20-cv-3166, 2021 WL 198833, at *5 (N.D. Cal. Jan. 20, 2021).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Philadelphia

9

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS

explicitly, or practically, exempt from compulsory arbitration. *See Graham v. State Farm Mut. Auto. Ins. Co.*, 565 A.2d 908, 912–13 (Del. 1989) ("[S]ince both parties have equal input into the selection of the arbitrators and since both parties are bound by the result, we find no inherent unfairness in the clause.").

### D. Arbitration Is Proper Even Under The 2016 TOS.

While the 2019 TOS is binding and enforceable for the reasons already discussed, the Court should grant the Motion even if the 2016 TOS somehow governs. As Plaintiff agrees (at 3–4), the two arbitration provisions have the same scope. For the reasons discussed above, *see supra* pp. 6–7, this broadly written provision covers Plaintiff's substantive claims for relief. Similarly, Plaintiff's unconscionability arguments are as unsuccessful with the 2016 TOS as they are with the 2019 TOS. *See supra* pp. 7–9.

Plaintiff is simply wrong to claim (at 13–14) that *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904 (9th Cir. 2020), precludes enforcing the 2016 TOS arbitration provision under California law. Plaintiff does not dispute that the *Rittmann* court did not address any state law besides Washington's. Mot. 11 n.1. And under Plaintiff's own authority, "[n]othing in the CAA . . . requires that an arbitration agreement explicitly reference the CAA to be enforceable under California law. *Garrido v. Air Liquid Indus. U.S. LP*, 241 Cal. App. 4th 833, 841 (2015).

## III. CONCLUSION

For these reasons and the reasons in Amazon's moving brief, the Court should compel Plaintiff's claims to arbitration and stay or dismiss this action.

Dated: April 26, 2021    MORGAN, LEWIS & BOCKIUS LLP

By /s/ Joseph Duffy
Joseph Duffy
Attorneys for Defendant
Amazon.com, Inc.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Philadelphia

10

REPLY MEMORANDUM ISO
MTN TO COMPEL ARBITRATION
3:20-CV-02365-WQH-BGS