UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DRICKEY JACKSON, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

Case No.:  20-cv-2365-WQH-BGS

**ORDER**

HAYES, Judge:

The matter before the Court is the Motion to Stay Pending Appeal filed by Defendant Amazon.com, Inc. (ECF No. 30).

## I.  BACKGROUND

On February 19, 2021, Plaintiff Drickey Jackson filed a First Amended Class Action Complaint ("FAC") against Defendant Amazon.com, Inc. ("Amazon"). (ECF No. 11). Plaintiff brings individual and class claims against Amazon for violations of federal and California law, arising from Amazon's alleged interception of communications by members of the Amazon Flex program in a closed Facebook group.

On March 16, 2021, Defendant Amazon filed a Motion to Compel Arbitration. (ECF No. 15). On August 3, 2021, the Court held oral argument on the Motion to Compel Arbitration. (ECF No. 25). On September 15, 2021, the Court issued an Order denying the Motion Compel Arbitration. (ECF No. 26). The Court stated that Amazon "fail[ed] to meet

1

its burden to demonstrate mutual assent to the 2019 [Terms of Service ('TOS')]" and concluded that "the 2016 TOS applies in this case." (*Id.* at 10). The Court applied California state law to interpret the terms of the 2016 TOS and concluded that "Plaintiff has met his burden to demonstrate that the claims alleged [in the FAC] do not fall within the scope of the arbitration provision." (*Id.* at 18).

On October 12, 2021, Amazon filed a Notice of Appeal of the Order denying the Motion to Compel Arbitration (ECF No. 31) and a Motion to Stay Pending Appeal (ECF No. 30). Amazon asserts that the Court should exercise its discretion and stay this action pending appeal, because the arbitration issues in this case present "serious legal questions worthy of Ninth Circuit review." (ECF No. 30-1 at 6). Amazon contends that it is likely to succeed on appeal, because "[t]here is a dearth of Ninth Circuit authority on the evidentiary burden for establishing email notice of a modification of an existing arbitration agreement," and "neither the Court nor the parties have identified cases that are factually on point" regarding the scope of the arbitration provision. (*Id.* at 6-7). Amazon contends that Amazon would be denied the benefits of individual arbitration if a stay is not granted. Amazon further contends that any delay caused by a stay would not substantially harm Plaintiff, and a stay is in the interest of the public policy favoring arbitration agreements.

On November 1, 2021, Plaintiff filed an Opposition to the Motion to Stay Pending Appeal. (ECF No. 35). Plaintiff contends that the appeal does not present serious questions for the Ninth Circuit, because the arbitration issues in this case involve "routine issues of state law involving contract interpretation." (ECF No. 35 at 7). Plaintiff contends that a stay is not warranted, because Plaintiff's claims are not subject to arbitration, and any success by Amazon on appeal would require this Court to consider Plaintiff's arguments as to why the arbitration agreement is unenforceable. Plaintiff contends that requiring Amazon to defend this suit does not constitute clear hardship or inequity. Plaintiff contends that a stay could result in significant delay, and Plaintiff and the proposed class have an interest in expeditious resolution of this litigation. Plaintiff further contends that the public

interest would be served by continuing this litigation, because Plaintiff has not agreed to arbitrate, and a stay could result in the loss of evidence.

On November 8, 2021, Amazon filed a Reply. (ECF No. 36).

## II.   LEGAL STANDARD

Where "the issue of arbitrability [i]s the only substantive issue presented in [an] appeal, the district court [i]s not divested of jurisdiction to proceed with the case on the merits." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). The district court has the discretion to "evaluate the merits of the movant's claim and if, for instance, the court finds that the motion presents a substantial question, to stay the proceedings pending an appeal from its refusal to compel arbitration." *Id.* "[T]he factors regulating the issuance of a stay" are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Court of Appeals for the Ninth Circuit applies the *Hilton* factors by requiring the party seeking a stay to show either: (1) "a strong likelihood of success on the merits [of its appeal]" *Golden Gate Rest. Ass'n v. City of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008), and "that irreparable harm is probable if the stay is not granted," *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011); or (2) "a substantial case on the merits and that the balance of hardships tips sharply in favor of a stay," *Leiva-Perez*, 640 F.3d at 971. "A strong showing on some factors may lessen the requisite showing on others." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1037 (9th Cir. 2021).

## III.   RULING OF THE COURT

Amazon has appealed this Court's denial of Amazon's Motion to Compel Arbitration. In the Order denying the Motion to Compel Arbitration, the Court concluded that the 2016 TOS applies, because Amazon "fail[ed] to meet its burden to demonstrate

mutual assent to the 2019 TOS." (ECF No. 26 at 10). The Court further concluded that Plaintiff "met his burden to demonstrate that the claims alleged do not fall within the scope of the arbitration provision," because the alleged wrongs "do not arise out of or relate to the 2016 TOS, Plaintiff's participation in the Flex program, or Plaintiff's performance of services." (*Id.* at 18). The Court reached these conclusions after hearing oral argument and considering the matter for a significant amount of time. There are few cases applying California mutual assent law to the modification of terms in an internet agreement, and there are even fewer factually similar cases applying California law to determine whether certain tort claims fall within the scope of an employee arbitration agreement. The arbitration issues in this case present questions that have not been considered by the Ninth Circuit. The Court concludes that Amazon's appeal raises a substantial case on the merits that weighs in favor of granting a stay pending appeal.

There is a probability that Amazon will be irreparably harmed absent a stay. Amazon asserts that Plaintiff agreed to arbitrate his claims on an individual basis. The difference in litigation expenses between a two-party case and a class action is substantial. In addition, arbitration offers the benefits of "speed and economy" which may be "lost forever" if Amazon is required to engage in formal discovery prior to the resolution of its appeal. *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984). Although a stay pending appeal will likely cause some delay in this case, the Court concludes that the potential harm to Amazon in being required to continue to litigate a class action, which could possibly be ordered to individual arbitration, outweighs any harm caused by a delay. Further, a stay pending the outcome of the appeal will serve the public interest by preserving judicial resources and promoting the "strong federal policy encouraging arbitration as a prompt, economical and adequate method of dispute resolution for those who agree to it." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 n.2 (9th Cir. 1992). The Court concludes that the balance of hardships tips sharply in Amazon's favor, and the public interest is served by staying this action pending appeal.

IT IS HEREBY ORDERED that the Motion to Stay Pending Appeal (ECF No. 30) is granted. This action is stayed pending the resolution of Amazon's appeal to the Court of Appeals for the Ninth Circuit. The stay will be lifted upon further order of the Court.

Dated:  November 30, 2021

Hon. William Q. Hayes
United States District Court